```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

DENEEN JOHNSON,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )      No.  11 C 9249
                                 )
NATIONSTAR MORTGAGE LLC,         )
                                 )
          Defendant.             )
```

MEMORANDUM OPINION AND ORDER

Deneen Johnson ("Johnson") has sought to enter the federal courthouse door through what may be the most confused (and confusing) pleading that this Court has encountered in its more than three decades on the bench. But it is unnecessary to provide chapter and verse itemizing all of the errors in Johnson's pro se filing, for in any event he must be sent back to the Circuit Court of Cook County because he has failed to satisfy his obligation to establish federal subject matter jurisdiction.

In brief, Johnson attempts to remove this mortgage foreclosure action from its court of origin to this District Court.[1] But as explained later, one of Johnson's attachments does contain a caption in the underlying state court case, so this opinion can go on to the real issues.

---

[1] One of Johnson's myriad errors is to employ a case caption identifying himself as plaintiff and mortgagee Nationstar Mortgage LLC as defendant. If that were really the posture of the parties, Johnson would be precluded from seeking removal because 28 U.S.C. §1441(a) confers that privilege only on defendants. For convenience, all further citations to provisions of Title 28 will simply take the form "Section --."

Because Johnson's brief conclusory references to federal-question jurisdiction are totally frivolous, this opinion will focus on the possibility of diversity-of-citizenship jurisdiction. In that respect part of Johnson's hodgepodge presentation reads:

> This matter and this Case is that of complete diversity, as there are no other parties in this case that have been properly served.

And Johnson follows that statement with a statement of his belief "that the amount in controversy exceeds $75,000.00 [seventy-five thousand dollars]," an assertion that is relevant only to diversity cases.

Probably through oversight, Johnson has not submitted with his notice of removal a copy of the state court complaint, even though his filing here says that he has attached it as Exhibit 1. But he has instead tendered a photocopy of a "Judgment for Foreclosure and Sale." Even though that document bears no judicial signature (it is obviously the form of proposed judgment prepared by counsel for the mortgagee), it sets out the state court case caption: <u>Nationstar Mortgage LLC v. Deneen Johnson; Calvin Jackson; Palisades Collection LLC; Unknown Owners and Nonrecord Claimants</u>, No. 11 CH 014383.

Johnson does reflect himself as having an Illinois domicile, which equates to Illinois citizenship for diversity purposes. But that automatically disqualifies the case for removal, because

2

Section 1441(b) expressly permits removal of diversity cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

That is not Johnson's only fatal mistake, for he has failed to identify the state of citizenship of his individual codefendant Calvin Jackson or the states of citizenship of all of the members of Nationstar Mortgage LLC (a limited liability company) or another limited liability company, codefendant Palisades Collection LLC (in those respects, see Thomas v. Guardsmark LLC, 487 F.3d 531, 533 -34 (7th Cir. 2007), which exemplifies a host of cases so holding).  But in all events, the prohibition referred to in the preceding paragraph is enough on its own to require remand.

Accordingly it is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (the language of Section 1447(c)), so that the same section mandates a remand of this action to the Circuit Court of Cook County.  This Court so orders, and the Clerk of this District Court is ordered to mail a certified copy of the order of remand forthwith to the Clerk of that court.[2]

---

[2] That means that Johnson has simply wasted the $350 filing fee that he paid in his effort to bring the case here.  Lest he were to consider compounding that error by seeking to appeal this remand order and paying the required $455 in appellate filing fees to do so, he should read Section 1447(d), which states

                                                  */s/ William D. Shadur*
                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date:   January 3, 2012

---

expressly that a remand order "is not reviewable on appeal or otherwise."